**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONG ZHONG YANG, | No. 11-70260 |
| Petitioner, | Agency No. A096-401-457 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2014[**]
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

1.     Substantial evidence supports the agency's adverse credibility finding.  "A single supported ground for an adverse credibility finding is sufficient if it relates to the basis for petitioner's alleged fear of persecution and goes to the heart of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claim." *Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) (internal quotation marks and alteration omitted). Here, Yang claimed in his second asylum application and in the merits hearing before the immigration judge that he was persecuted (including being detained by the police and beaten for three days) based on his Christian religion. Yet, Yang failed to allege any claim of religious persecution during his initial airport interview, during his initial asylum interview with an asylum officer, or in his first submitted asylum application. Yang instead affirmatively denied having been mistreated or detained in China. This failure to assert a claim of religious persecution in his initial proceedings was a significant omission that was material to his claim of persecution and went to the heart of the matter. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."); *see also Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010) (concluding omissions from asylum application of a political demonstration and petitioners' participation in it were significant where the information was crucial to establishing persecution claim). Yang was confronted with these omissions and the BIA reasonably rejected his explanation. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007); *cf. Tekle v. Mukasey*, 533 F.3d 1044, 1055 (9th Cir. 2008). In the absence of credible testimony, Yang's asylum

and withholding of removal claims fail.  *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).[1]

2.      Yang's application for protection under the Convention Against Torture also fails because it is based on the same testimony found not credible, and he points to no other evidence demonstrating it is more likely than not he would be tortured if returned to China.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

---

[1] Because we uphold the agency's determination on this ground, we need not address Yang's claim that the BIA erred in noting the lack of corroborating evidence.